NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

COURTNEY ANN CAMPBELL, *Plaintiff/Appellant*,

*v.*

TAMMY PFEIFER, *et al.*, *Defendants/Appellees*.

No. 1 CA-CV 18-0534
FILED 9-5-2019

Appeal from the Superior Court in Maricopa County
Nos. CV2017-012732 and CV2017-015016
(consolidated)
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Counsel for Plaintiff/Appellant*

Hill Hall & DeCiancio PLC, Phoenix
By Joel DeCiancio, Christopher Robbins
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Diane M. Johnsen and Judge Samuel A. Thumma joined.

---

**S W A N N**, Chief Judge:

**¶1** This is an appeal from a summary judgment ruling enforcing a settlement agreement. The appellant, Courtney Ann Campbell, contends that appellee Tammy Pfeifer's insurer did not properly accept her settlement offer. We conclude that the offer was properly accepted and the settlement agreement was binding. We therefore affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2** At all relevant times, State Farm Mutual Automobile Insurance Company ("State Farm") provided automobile insurance to Pfeifer. In November 2015, Pfeifer negligently caused an automobile collision that allegedly injured Campbell.

**¶3** On July 26, 2017, Campbell, through counsel Augustine Jimenez, sent a policy-limits demand letter to State Farm. The demand letter stated:

> Although our client has several unresolved injuries and medical issues, given your insured's liability policy limits of $100,000 we are compelled at this time to submit this policy limit demand.
>
> . . . .
>
> [W]e hereby make a policy limits demand. Our offer can only be accepted with certification of policy limits and an affidavit of no other applicable insurance.
>
> Please review the enclosed documentation and advise me of your position no later than twenty days from the date of this demand.

(Underlining omitted.)

¶4 Exactly twenty days later, on August 15, State Farm faxed a response letter to Jimenez. State Farm stated that it accepted the offer and was simultaneously providing a copy of the policy and a no-other-insurance affidavit:

> We are writing to advise we are accepting your policy limit offer in the amount of $100,000.

> Enclosed is a certified copy of the above-captioned policy, a completed affidavit of no other insurance, assets and course of employment and a settlement release. . . .

> . . . .

> Enclosure(s): certified policy, affidavit & release

But according to Campbell, the affidavit was not actually included in State Farm's fax.

¶5 On August 23, Jimenez sent a letter to State Farm declaring its acceptance deficient and withdrawing all settlement offers:

> [O]ur client's offer dated July 26, 2017 and any [and] all prior offers of settlement are her[e]by withdrawn.

> Our client's offer was explicit in that it required an affidavit from your insured's [sic] of no other applicable insurance. On August 15, 2017, we received 7 separate e-faxes from State Farm, each with a cover sheet. One of those faxes was your cover letter indicating that you were enclosing three items including an affidavit. No affidavit was included.

¶6 On August 25, State Farm faxed a response letter to Jimenez, stating that it had previously sent the affidavit, had obtained assurance by telephone from Jimenez's office that it was received, but was re-sending it:

> Enclosed is the affidavit we sent on 08/15/17 at 8:28am, in addition, a call was place[d] at 8:44am to your office to verify its receipt and your office indicated a hold harmles[s] would be forthcoming.

> . . . .

> Enclosure(s): affidavit

According to Campbell, however, the affidavit again was not included.

**¶7** Campbell refused to move forward with the settlement, and in October 2017 brought a negligence action against Pfeifer. Pfeifer answered and asserted a counterclaim seeking enforcement of her insurer's settlement agreement. Pfeifer then moved for summary judgment on the complaint and counterclaim, contending that an enforceable settlement agreement was formed on August 15 when State Farm accepted Campbell's offer. Pfeifer contended that the offer did not condition acceptance on provision of the no-other-insurance affidavit within a specified period, and that in any event, State Farm had faxed the affidavit to Campbell on August 15 and August 25. Pfeifer provided a copy of the affidavit, which was in the form of an unsworn declaration signed under penalty of perjury, consistent with Ariz. R. Civ. P. ("Rule") 80(c).

**¶8** Campbell responded that State Farm could not have accepted her offer without providing the affidavit, and that it never did so. In support of her assertion that State Farm never provided the affidavit, Campbell submitted (1) Jimenez's secretary's sworn statement that no affidavit was received with the August 15 and August 25 faxes, and (2) a computer forensic analyst's report concluding that Jimenez's fax and computer system did not receive the affidavit. At oral argument, Campbell also argued that the affidavit was substantively deficient because it was not notarized, and therefore was not actually an "affidavit" as required by the offer. Campbell also argued, without elaboration or supporting evidence, that an asset check had raised questions about whether Pfeifer had additional insurance policies.

**¶9** The superior court granted summary judgment for Pfeifer and entered a final judgment from which Campbell appeals.

## DISCUSSION

**¶10** We review the grant of summary judgment de novo, viewing the evidence and reasonable inferences in the light most favorable to the non-moving party. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). A party is entitled to summary judgment when "there is no genuine dispute as to any *material* fact and the moving party is entitled to judgment as a matter of law." Rule 56(a) (emphasis added). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (applying analogous federal summary judgment rule)

(emphasis in original); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 311 (1990) ("[I]t would effectively abrogate the summary judgment rule to hold that the motion should be denied simply on the speculation that . . . some dispute over irrelevant or immaterial facts might blossom into a real controversy in the midst of trial."). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

¶11 Settlement agreements, favored by Arizona law, are governed by general common-law contract principles. *Emmons v. Superior Court*, 192 Ariz. 509, 512, ¶¶ 11, 14 (App. 1998). An enforceable contract requires an offer and its acceptance. *K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 139 Ariz. 209, 212 (App. 1983). An offer is "a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it," and an acceptance of an offer is "a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer." *Id.* (quoting Restatement (Second) of Contracts ("Restatement")[1] §§ 24, 50). The acceptance must manifest assent to the same bargain, Restatement §§ 29 cmt. a, 50 cmt. a, and it must comply with the offer's substantive requirements, Restatement § 58, *Clark v. Compania Ganadera de Cananea, S.A.*, 94 Ariz. 391, 400 (1963), as well as any requirements regarding the time and manner of acceptance, Restatement §§ 60 & cmt. a, 30 cmt. a, 50 cmt. a. But unless the offer unambiguously limits the type and manner of acceptance, any reasonable acceptance will suffice. Restatement §§ 58 cmt. a, 30 cmt. b, 60 cmt. a. "In case of doubt an offer is interpreted as inviting the offeree to accept either by promising to perform what the offer requests or by rendering the performance, as the offeree chooses." Restatement § 32.

¶12 The parties agree that Campbell's policy-limits demand constituted an offer to release her claims against Pfeifer in exchange for payment of the $100,000 policy limits. They dispute whether the offer placed conditions on acceptance. We conclude that the offer imposed no conditions on the manner of acceptance. The offer asked that State Farm "[p]lease . . . advise [Campbell] of [State Farm's] position" within twenty days. The offer required State Farm to do nothing more than that—to accept the offer by advising Campbell of its position. We reject Campbell's

---

[1] We typically follow the Restatement in contract cases. *See 7200 Scottsdale Rd. Gen. Partners v. Kuhn Farm Mach., Inc.*, 184 Ariz. 341, 347 (App. 1995).

contention that provision of a no-other-insurance affidavit was required to effect acceptance. The offer stated that it could "only be accepted *with*" — not *by* — "certification of policy limits and an affidavit of no other applicable insurance," with no time limit specified for providing those collateral documents. (Emphasis added.) State Farm's production of the documents was a condition precedent to Campbell's *release* of claims under the parties' agreement, not its acceptance of the offer. *Cf. Hays v. Fisher*, 161 Ariz. 159, 163 (App. 1989) ("[O]nce this case was settled . . . by [Hays' counsel]'s acceptance on behalf of Hays of Fischer's offer, there was a binding settlement agreement between the parties. It obligated Fischer to tender $10,500 to Hays and required Hays, in turn, to execute a release and a stipulation to dismiss the action with prejudice."). On the twentieth day, State Farm unambiguously informed Jimenez that it agreed to the deal, thereby binding the parties.

**¶13**        Though not required for acceptance, State Farm also at least endeavored to provide the no-other-insurance affidavit on August 15 and again on August 25. To be sure, a genuine dispute of fact exists as to whether State Farm actually provided the affidavit. But that disputed fact is not material to the question of the contract's formation.

**¶14**        Finally, we reject Campbell's contention that the affidavit, even if provided, was deficient because it was not truly an "affidavit" as requested by the demand letter. Traditionally, an "affidavit" is "a signed, written statement, made under oath before an officer authorized to administer an oath or affirmation in which the affiant vouches that what is stated is true." *In re Wetzel*, 143 Ariz. 35, 43 (1984). The relevant document was not sworn, and therefore does not meet this definition of an affidavit. But the demand letter nowhere demanded strict compliance with the affidavit form (perhaps because such a formal requirement could not have benefitted Campbell in any way), and the declaration provided the same assurance as an affidavit. *Cf.* 28 U.S.C. § 1746; Rule 80(c). The difference was stylistic, not substantive.

**CONCLUSION**

**¶15** We affirm for the reasons set forth above. In exercise of our discretion, we grant Pfeifer's request for an award of attorney's fees on appeal under A.R.S. § 12-341.01, as well as costs under § 12-341, subject to her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA